UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARIA SANTINO and GIUSEPPE SANTINO,**<br><br>                              Plaintiffs,<br><br>   -vs-<br><br>**NCO FINANCIAL SYSTEMS, INC.,**<br><br>                              Defendant. | *Civil Action No.* _____ |

### COMPLAINT & DEMAND FOR JURY TRIAL

#### INTRODUCTION

1. Plaintiffs brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

#### JURISDICTION & VENUE

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.§ 1331, and/or 28 U.S.C.§ 1337.

3. Venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

4. The Plaintiffs' causes of action under the TCPA are predicated upon the same facts and circumstances that give rise to the aforementioned federal causes of action under the FDCPA. As such, this Court has supplemental jurisdiction over the Plaintiffs' TCPA cause of action pursuant to 28 U.S.C. §1367.

#### PARTIES

5. Plaintiff Maria Santino is a natural person residing in the County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Plaintiff Giuseppe Santino is a natural person residing in the County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant NCO Financial Systems, Inc., (hereinafter "NCO Financial") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

9. That at all times relevant herein, Plaintiffs were and are "persons" as defined by 47 U.S.C.§153(32).

10. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

11. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

12. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

13. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

14. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

15. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

16. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

**FACTUAL ALLEGATIONS**

17. That upon information and belief, someone by the name "Hazel Meyers," (*correct spelling unknown*) allegedly incurred and later defaulted on a personal debt. This debt will hereinafter be referred to as "the subject debt."

18. That upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

2

19. That Plaintiffs Maria Santino and Giuseppe Santino do not know anyone by the name, "Hazel Meyers," nor do they have any legal obligation to pay the subject debt allegedly owed by Hazel Meyers.

20. That upon information and belief, Defendant NCO Financial was thereafter employed by Hazel Meyer's alleged creditor in order to attempt to collect the subject debt allegedly owed by her.

21. That for over a year, Defendant NCO Financial made repeated annoying and otherwise harassing telephone calls to the Plaintiffs' home telephone.

22. The aforesaid telephone calls included both live person telephone calls as well as telephone calls wherein someone by the name "Mr. Parker" left artificial and/or prerecorded voice messages requesting that his telephone calls be returned.

23. That in or about July of 2009, "Mr. Parker" called and spoke with Plaintiff Maria Santino. During said telephone conversation, "Mr. Parker" stated that he was calling from NCO Financial to speak with Hazel Meyers. Plaintiff Maria Santino immediately notified Defendant that they did not know anyone by that name and stated once again that the Plaintiffs wanted the constant calls to stop. Defendant however called said Plaintiff "a liar," and thereafter became belligerent. After several more moments or arguing, the telephone call was ended.

24. That Defendant NCO Financial thereafter proceeded to call Plaintiffs at their home, and in fact began calling more frequently than previously before, making daily telephone calls.

25. That as a result of Defendant's annoying and harassing conduct, each of the Plaintiffs became frustrated, upset, angered, offended and otherwise suffered from emotional distress.

### FIRST COUNT - FAIR DEBT COLLECTION PRACTICES ACT

26. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act, as follows:

27. That Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2) and 15 U.S.C. §1692f by calling Plaintiff Maria Santino "a liar" and by repeatedly refusing to acknowledge that they were calling the wrong telephone number for "Hazel Meyers."

28. That Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(5) and 15 U.S.C. §1692f by repeatedly causing the Plaintiffs' telephone to ring with the intent to annoy, abuse and harass, despite the fact that Defendant had no legal or practical basis for placing such calls and was otherwise repeatedly placed on notice that they were contacting the wrong party every time they spoke with the Plaintiffs.

29. That as a result, Plaintiffs each became frustrated, aggravated, upset, angered, anxious and otherwise suffered from emotional distress.

## SECOND COUNT - TELEPHONE CONSUMER PROTECTION ACT

30. The aforementioned acts and omissions of the Defendant have violated the Telephone Consumer Protection Act of 1991, as follows:

31. Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to the Plaintiffs' home telephone using an artificial and/or prerecorded voice to deliver messages without having a lawful basis and/or the consent of Plaintiffs to leave such messages.

32. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, justification or excuse.

33. The acts and/or omissions of Defendant at all times material and relevant hereto were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

34. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant at all times material and relevant hereto caused the Plaintiffs to sustain damages as a result of their repeated telephone calls that harassed, annoyed and abused Plaintiffs, and disturbed their peace and tranquility at home and elsewhere.

35. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant at all times material and relevant hereto caused the Plaintiffs to sustain damages and experience emotional distress.

36. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant at all times material and relevant hereto is liable for actual damages, statutory damages, treble damages, as well as costs and reasonable attorneys' fees.

37. Plaintiffs received many telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiffs to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

38. Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly, which is evidenced clearly by the fact that Defendant left said messages in spite of the fact that Plaintiffs' notified Defendant on more than one occasion that

they were calling the wrong telephone number and in fact increased the number of telephone calls placed following the telephone conversation described in paragraph 23 above, entitling Plaintiffs to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendant for:

(a) Actual damages pursuant to 15 U.S.C. §1692k;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## JURY DEMAND

Please take notice that Plaintiffs Maria Santino and Giuseppe Santino demand a trial by jury in this action.

Date: November 6, 2009

/s/ Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiffs*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
716.200.1520